# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MIDWEST COMMUNITY BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 09-2379-CM |
| | ) |
| **SKC INSURANCE SERVICES, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff filed its complaint in this breach of contract and foreclosure action on July 24, 2009. Defendants Stacy Dannar and SKC Insurance Services, LLC, failed to plead or otherwise defend by August 13, 2009, thereby admitting the factual allegations in the complaint except for those relating to damages. On August 28, 2009, the Clerk of the Court entered default against defendants. And, pursuant to plaintiff's motion and supporting material, the court entered default judgment against defendants on September 11, 2009 (Doc. 9).

The case is now before the court on the following three post-trial motions filed by defendants: Defendants' Motion to Set Aside Order Granting Default Judgment (Doc. 10); Defendants' Motion for Leave to File Out of Time Their Answer to Plaintiff's Complaint (Doc. 12); and Defendants' Motion for Extension of Time to File Notice of Appeal with Supporting Memorandum (Doc. 13). For the following reasons, the court denies defendants' motions to set aside the default judgment and file an answer out of time, and grants the motion for an extension of time within which to file a notice of appeal.

**I.     Factual and Procedural Background**

Defendants purchased insurance agencies from—and financed them through—subsidiaries of

the Brooke Corporation, which is comprised of a group of related companies that operated an insurance agency franchise business. This court's August 12, 2009 Memorandum and Order and October 1, 2009 Memorandum and Order in *Aldridge v. Aleritas Capital Corporation*, No. 09-02178-CM ("*Aldridge*") sets out a detailed factual and procedural history of how the loan(s) and/or notes and securities at issue in this case originated. Although it need not be repeated here, that background concerns how the instant defendants entered into various Agreements for Advancement of Loan with Aleritas related to the purchase of their agencies, and now claim, in *Aldridge*, that these loans were fraudulent. By way of assignment or otherwise, a number of these loans are now held by various banks. Several banks were named as defendants in the *Aldridge* case, but have been dismissed. Plaintiff was never named as a defendant in the *Aldridge* case.

According to the complaint in this case, plaintiff purchased a 100 percent interest in a Promissory Note, secured pursuant to a Security Agreement, and guaranteed by defendant Stacy Dannar as evidenced by a Guaranty. Plaintiff filed this action alleging: breach of the Loan Agreement, the Promissory Note and the Security Agreement; that defendants are in default; and that plaintiff is entitled to collect under the Note and Guaranty and to foreclose on the collateral under the Security Agreement. Defendants failed to appear or otherwise defend the action, and the court entered default. Subsequently, the court entered default judgment against defendants and in favor of plaintiff. (Doc. 9.)

Nearly two months after the deadline for filing an answer, and nearly one month after default judgment was entered against them, defendants filed the present motion. They ask this court to set aside the judgment pursuant to Federal Rule of Civil Procedure 55(c) (for good cause); 60(b)(1) (excusable neglect) and/or 60(b)(6) (other reason justifying relief).

## II.     Legal Standards

Federal Rule 55 authorizes the court to set aside an entry of default for good cause, but invokes Rule 60(b) when a party is seeking relief from a default judgment. Fed. R. Civ. P. 55(c). Because there has been a default judgment in this case, the court does not evaluate defendants' arguments under the good cause standard, but looks to Rule 60(b). Under that rule, a court may set aside a final judgment "[o]n motion and upon such terms as are just." Fed. R. Civ. P. 60(b).

Rule 60(b)(1) provides that the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Such relief is "extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (quotation omitted). The determination of what constitutes excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). In making this determination, the court considers: (1) the risk of prejudice to the non-movant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in control of the movant; and (4) whether the movant acted in good faith. *See Leidel v. Ameripride Servs., Inc.*, 322 F. Supp. 2d 1206, 1210 (D. Kan. 2004) (citing *Pioneer*, 507 U.S. at 394–95); see also *HFR, Inc. v. Hildyard*, No. 05-2300-JWL, 2007 WL 4374174, at *5 (D. Kan. Dec. 13, 2007). These factors are not exclusive. *Pioneer*, 507 U.S. at 395–96. Indeed, this court also considers whether the moving party has a meritorious defense. *HFR, Inc.*, 2007 WL 4374174, at *7 (citing, *e.g.*, *Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 427 (10th Cir. 1988)). The burden is on the party moving to set aside the default judgment to plead and prove excusable neglect. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

In addition to excusable neglect and other reasons, Rule 60(b) authorizes the court to relieve a party from a final judgment for "any other reason that justifies relief." Federal Rule 60(b)(6). This "catch all" provision allows for relief only in extraordinary circumstances. *Loum v. Houston's Rests., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998) (citations omitted). The court reserves Rule 60(b)(6) for situations in which it "offends justice" to deny relief. *Id.* (citation omitted). Rule 60(b)(6) is not to be used to "reliev[e] a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (quotation omitted).

Generally speaking, default judgments are disfavored. *Pelican Prod.*, 893 F.2d at 1146 (citing *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). However, the judicial preference for resolving cases on their merits is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within this court's discretion. *Id.* The court need not compartmentalize its analysis in determining which, if any, provision entitles defendants to the relief they seek. *Pelican Prod.*, 893 F.2d at 1146. Under any of these avenues, the defendants bear the burden of proof. *Id.*

## III. Discussion

In support of their motion, defendants note that (1) they are plaintiffs in the *Aldridge* case, and (2) prior to that lawsuit and this one, they have never been involved in a lawsuit. These do not provide any cause, let alone good cause, for setting aside the entry of default in this case.

Defendants also suggest that they "reasonably believed" that their attorney had a "verbal agreement" with plaintiff's attorney "to postpone the answer deadline of August 13, 2009, to August 31, 2009." (Doc. 11, at 3–4.) At the outset, the court is concerned about the belief—apparently shared by both parties—that the parties can unilaterally agree to extend a deadline for filing an

answer. The deadline is governed by Federal Rule of Civil Procedure 12, and is not subject to the parties' agreement absent leave of court to file out of time. Defendants cannot now point to an alleged agreement that they had with plaintiff's counsel to suggest that their deadline for filing an answer in the action had not yet passed. This argument is unreasonable and legally unsupportable.

Additionally, defendants assert that, "[a]lthough the certificate of service attached to the motion [for default judgment] provides that a copy of the motion was mailed to defendants, defendants have never received a copy of the motion nor have they received a copy of the Order Granting Motion for Default Judgment." (Doc. 11, at 4.) Defendants were represented by counsel, and had notice by way of the court's electronic case management and electronic filing system that an application for default had been filed, and subsequently, that a motion for default judgment was filed. Despite ample opportunity to do so, defendants did not object or otherwise challenge the application or motion.

Finally, defendants appear to argue that default judgment was somehow inappropriate because the court did not give them three days from the filing of the motion to the entry of judgment, and because the court did not hold a hearing on the motion for default judgment. Again, the rules do not require three days or a hearing. Fed. R. Civ. P. 55(b)(2).

In examining the factors this court considers, the court finds that defendants fail to establish excusable neglect to justify setting aside the judgment under Rule 60(b)(1). Specifically, the court finds that, for the reasons set out above, the entry of default and the resulting default judgment was the result of culpable conduct of defendants, and none of the reasons offered constitute excusable neglect. Although defendants' delay in seeking relief by way of the instant motion does not weigh against defendants, it does not weigh in favor of granting relief that is otherwise unjustified. Plaintiff has incurred expenses to obtain the judgment and respond to defendants' post-judgment

motions, and would be prejudiced by setting aside the default. And, although defendants now allege that they have meritorious defenses to plaintiff's claims, they cite only to the claims and defenses raised in the *Aldridge* case, to which plaintiff is not a party. Defendants' conclusory allegations of meritorious defenses do not entitle them to the relief they seek.

Finally, the defendants have not established that the circumstances of this case are so extraordinary that the default judgment should be set aside pursuant to the catch-all set out in Federal Rule 60(b)(6). The discretionary authority granted under that rule is reserved for situations in which it "offends justice" to deny relief. *See Loum*, 177 F.R.D. at 672 (citing *Pelican Prod.*, 893 F.2d at 1147). On the facts presented, there is nothing which offends justice about the denial of a motion to set aside a default judgment where the moving party, through counsel, failed to comply with the procedural rules of the court and can offer no reasonable justification for its failure. Defendants assert, by way of reply, that they acted in good faith and with an honest belief that counsel was handling the matter. "Parties desiring relief . . . generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney." *Pelican Prod.*, 893 F.2d at 1146 (citing 7 Moore's Federal Practice ¶ 60.22[2], at 60–184 (2d ed. 1987)). The court finds nothing offensive about requiring a party to be bound by the actions of its attorney. *See Pelican Prod.*, 893 F.2d at 1147.

For the reasons stated above, the court also finds that the Defendants' Motion for Leave to File Out of Time Their Answer to Plaintiff's Complaint (Doc. 12) is denied.

Defendants did not file a notice of appeal, but instead filed a Motion for Extension of Time to File Notice of Appeal with Supporting Memorandum (Doc. 13) before the time for appealing the judgment ran. The motion seeks an extension of time to file a notice of appeal pending this court's ruling on the motion to set aside and the motion for leave to file an answer out of time. Although the

motion may be unnecessary in light of the instant post-judgment motion, the court grants it. *See* Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. App. P. 4(a)(5)(A)(i). Defendants will have 30 days from the date of this order within which to file a notice of appeal.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Set Aside Order Granting Motion for Default Judgment (Doc. 10) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Out of Time Their Answer to Plaintiff's Complaint (Doc. 12) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to File Notice of Appeal with Supporting Memorandum (Doc. 13) is granted. Defendants shall have 30 days from the date of this order within which to file a Notice of Appeal.

Dated this 9th day of February, 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**